

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00284-CR

**ANDREW CURTNER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law No. 1
### McLennan County, Texas
### Trial Court No. 2009-2667-CR1

## MEMORANDUM  OPINION

Andrew Curtner appeals his conviction for the offense of driving while intoxicated.  TEX. PEN. CODE ANN. § 49.04 (West 2011).  Curtner complains that he received ineffective assistance of counsel because his counsel failed to view the video of the scene which contained inadmissible evidence regarding a portable breath report.  Because we find that Curtner has not established the second prong of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), relating to prejudice, we affirm the judgment of the trial court.

*Ineffective Assistance of Counsel*

Curtner complains that his trial counsel failed to view the video prior to his trial that showed the traffic stop, field sobriety testing, and the drive to the jail and this constituted ineffective assistance of counsel. The video was offered into evidence and Curtner's trial counsel affirmatively did not object to it. However, during the playing of the video, Curtner's trial counsel objected to a portion of the exhibit which contained an exchange between Curtner and the arresting officer during which Curtner requested to take a portable breath test and asked the officer if he was below the legal limit if he would be released, to which the officer answered affirmatively. After this exchange was shown to the jury, Curtner's trial counsel objected and the trial court overruled his objection but offered to give the jury a limiting instruction, which was declined. Later during the replay, Curtner told the officer while they were traveling to the jail that he had gotten a false reading on the breath test because he had just consumed a glass of wine. Curtner's trial counsel did not object to this statement. The trial court then called the attorneys to the bench and reoffered his suggestion of a limiting instruction regarding any results of the portable breath test, to which Curtner's trial counsel agreed. The trial court gave the following instruction:

> Ladies and gentlemen of the jury, I'm going to give you an instruction regarding some things you've heard on this tape.
>
> The use of a PBR test can be referred to by the State. But—I mean, the taking of a PBR test can be referred to. And that's called a "public breath report." But the results are inadmissible. They're not reliable enough for them to be admitted into court.
> Therefore, I am instructing you that you will give no weight whatsoever to any results of any portable breath test.

Everybody understand?

(Jury Affirmative Responses)

### *Standard of Review*

To prevail on an ineffective assistance claim, Curtner must establish that (1) his trial counsel's performance was deficient by falling below an objective standard of reasonableness and (2) his trial counsel's deficiency caused him prejudice, which means that there is a probability sufficient to undermine confidence in the outcome that but for his trial counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). Curtner is required to satisfy both prongs by a preponderance of the evidence; failure to demonstrate either deficient performance or prejudice will defeat a claim of ineffectiveness. *Perez*, 310 S.W.3d at 893. It is not necessary to conduct the *Strickland* analysis in any particular order; if an appellant cannot demonstrate sufficient prejudice, a court may dispose of the claim on that ground. *Strickland*, 466 U.S. at 697. When making this determination, any constitutionally deficient acts or omissions will be considered in light of the totality of the evidence before the jury. *Ex parte Ellis*, 233 S.W.3d 324, 31 (Tex. Crim. App. 2007).

Curtner did not file a motion for new trial alleging ineffective assistance, but contends that the record is sufficient to establish that his trial counsel's conduct was deficient. However, this is not necessary when determining whether Curtner

established the prejudice ground of *Strickland* because counsel's trial strategy is not relevant to whether the result would have been different.

Curtner was charged with driving while intoxicated as defined in Penal Code Section 49.01(2)(A), which is that he did not have the normal use of his mental or physical faculties because of his drinking alcohol. Presumably because Curtner refused to provide a specimen of breath at the jail, he was not charged pursuant to section 49.01(2)(B) which relates to alcohol concentration in the blood, and the jury was not given that means of committing the offense in the jury charge and could not convict on that basis.

*The Facts*

Curtner was originally stopped by the officer for not having a front license plate on his vehicle at approximately 1:00 a.m. After the officer turned on his lights behind Curtner to pull over, Curtner ran over a curb, and continued for some distance before turning and pulling over. Due to the landscape, there was nowhere safe to pull over until Curtner turned and did pull over. Curtner exited his vehicle immediately and approached the officer. The officer smelled the odor commonly associated with alcohol on Curtner's breath and believed Curtner's speech to be thick-tongued. Curtner admitted to consuming two glasses of wine that evening.

The officer conducted four field sobriety tests on Curtner at the scene. First, he conducted the horizontal gaze nystagmus test, which he testified showed six of six clues for intoxication. Next, Curtner performed the walk and turn test, which showed five of eight clues for intoxication. Curtner then performed the one leg stand, and showed

three of four clues for intoxication. However, Curtner had pulled over on a hill, which may have impeded his ability to properly perform portions of the one leg stand, so the officer conducted a fourth test, a finger count test, which the officer admitted was not considered to be scientifically reliable. However, on that test, Curtner was unable to count backward from four to one three out of four times. The officer then handcuffed Curtner and placed him under arrest for DWI.

After this, Curtner requested a breath test and the complained-of exchange set forth above took place. The video stops and resumes after Curtner had been returned to the officer's vehicle. The results of the portable breath report were never disclosed to the jury; rather Curtner contends that since he was not released after the test, the inference would be that the result must have been over the legal limit, which was improper.

Curtner and the officer had to wait for a tow truck to arrive to tow Curtner's vehicle. Prior to their departure for the jail, the officer asked Curtner to spit out the gum in his mouth and Curtner refused, citing his constitutional right to chew gum. After their departure for the jail, Curtner continued conversing with the officer. It was during the ride to the jail when he made the statement that the result of the portable breath test was skewed by the fact that he had consumed a glass of wine right before he left the party he was at that evening.

At one point, he asked the officer about the intoxilyzer he would be given at the station and if he blew a ".799" would he be released. The officer answered negatively. At another point, Curtner stated that he would probably blow over the legal limit.

Curtner also asked the officer why he had arrested him, and the officer told him it was because he smelled of alcohol and had performed poorly on the field sobriety tests. The officer testified at trial that he also believed that Curtner's talkativeness and behavior on the ride to the jail were indicative of intoxication, and that no matter what the results of the portable breath test were, he would have arrested Curtner anyway. The officer did concede that the results of the portable breath test could have been negatively affected by Curtner's chewing gum.

At trial, Curtner testified that the reason he may have smelled of alcohol was because he'd just been in a hot tub with chlorine in it. He also had an old knee injury and suffered from vertigo occasionally, which impacted his performance on the field sobriety tests. He denied being intoxicated entirely. He attributed his statement about probably blowing over to his bad luck, not that he believed he was intoxicated.

Because the jury was instructed not to consider any results of the portable breath test, was instructed in the jury charge only as to whether Curtner did not have the normal use of his mental or physical faculties because of drinking alcohol, and nothing about breath test results was contained in the jury charge, we do not believe that Curtner has met his burden to establish the second prong of *Strickland*. There was other evidence of Curtner's loss of the normal use of his physical or mental faculties, and the jury was able to observe the demeanor and credibility of the witnesses and chose not to believe Curtner's explanations. We overrule Curtner's sole issue.[1]

---

[1] Curtner's brief to this Court sets forth three issues; however, they are three subparts of the determination of ineffective assistance of counsel; failed to review the video, prejudice resulted, and the

*Conclusion*

We find that Curtner has not established that but for the alleged errors of his trial counsel, there is a substantial probability that the result of the proceeding would have been different. We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 28, 2011
Do not publish
[CR25]

---

limiting instruction did not cure the prejudice. Because of our holding that Curtner has not established the prejudice prong of *Strickland*, we have addressed these issues as one.